| | | |
|---|---|---|
| **DEKOTA KELLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:12-cv-01339** |
| | ) | |
| **CPL. JAMES MOOSE and** | ) | **Judge Trauger** |
| **CPT. WAYNE REYNOLDS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Plaintiff Dekota Kelly, a detainee or prisoner presently in the custody of the Montgomery County Jail in Clarksville, Tennessee, has filed a complaint under 42 U.S.C. § 1983, purporting to allege a violation of his constitutional rights. The complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I.      FACTUAL ALLEGATIONS

The plaintiff alleges that on December 4, 2012, defendant James Moose, an officer employed by the Montgomery County Sheriff's Department, conducted a search of the plaintiff's jail cell. As part of the search, Moose performed a search of the plaintiff's person, during which he "grope[d] and fondle[d]" the plaintiff's genitals. (ECF No. 1, at 5.) The plaintiff asked the purpose for conducting such an invasive search, and Moose responded that he was "just doing [his] job." (*Id.*) The plaintiff does not allege that he suffered physical pain or injury as a result of the invasive pat-down, but he does claim that he has suffered psychological trauma for which he has sought mental health treatment.

The plaintiff's grievances related to this event have been denied. He requested to "press charges," but this request was also denied. The plaintiff seeks compensatory damages in the amount of $300,000 for sexual battery and emotional damage. He also demands to be released from jail and that Moose's job be terminated.

## II.      STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a civil complaint or any portion of a complaint filed *in forma pauperis* that fails to state a claim for which relief can be granted, is frivolous, or seeks relief from

a defendant who is immune from such relief.  Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## III.  LAW AND ANALYSIS

To state a claim under § 1983, a plaintiff must (1) identify a right secured by federal law or the United States Constitution, and (2) demonstrate a deprivation of that right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The plaintiff does not identify which of his constitutional rights he believes have been violated, but it is clear that, because "the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir.1997) (quoted cases omitted).[1]  However, "[t]o prevail on a constitutional claim of sexual [abuse], an inmate must . . . prove, as an objective matter, that the alleged abuse . . . caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind."  *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *see also* 42 U.S.C.

---

[1]  As a pretrial detainee, the plaintiff's rights are protected by the Due Process Clause of the Fourteenth Amendment rather than by the Eighth Amendment. S*ee Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (recognizing that the Fourth Amendment typically protects free citizens, the Eighth Amendment is the primary protection for convicted persons, and the Fourteenth Amendment protects pretrial detainees).  The level of protection provided under the Fourteenth Amendment is analogous to that provided under the Eighth Amendment.  *City of Revere v. Mass. Gen. Hosp.*, 463 U.S.239, 244 (1983); *Gray v. City of Detroit*, 399 F.3d 612 (6th Cir. 2005); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).

§ 1997e(e) (barring any federal civil action by a "prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

The plaintiff in this case does not suggest that he was subjected to any physical injury whatsoever as a result of the intrusive pat-down search. Rather, the plaintiff claims mental or emotional injury as a result of the incident. The Sixth Circuit repeatedly has held that prisoners' claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g.*, *Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010) (holding that a prisoner who complained about a strip search failed to state claim based on violation of the Eighth Amendment absent allegations of a physical injury); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (holding that, even where the plaintiff alleged mental or emotional injuries arising from placement in segregation, his allegations did "not rise to the level of an Eighth Amendment violation . . . because he did not allege a physical injury"). On that basis alone, it appears that the plaintiff fails to allege facts suggesting that his constitutional rights were violated.

Moreover, the Sixth Circuit and other courts have held that, while "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment," *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006), minor, isolated incidents of sexual touching, even coupled with occasional offensive sexual remarks, do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing a prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99–1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment). *Accord Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *Boddie v. Schneider*, 105 F.3d 857, 859–61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

And more to the point, the Sixth Circuit has recently held that a single alleged instance of fondling during the course of a pat-down search does not rise to the level of a constitutional violation. *See Tuttle v.*

*Carroll Cnty. Detention Ctr.*, No. 10-5693, 2012 WL 4215747, at*1 (6th Cir. Sept. 21, 2012) (affirming the district court's conclusion that a pretrial detainee failed to state a claim of constitutional dimension based on allegations that a police officer "grabbed [the plaintiff's] privates and squeezed them really hard" while conducting a pat-down search during booking). *Cf. Davis v. Castleberry*, 364 F. Supp. 2d 319, 321–22 (W.D.N.Y. 2005) (finding allegation that an officer grabbed the plaintiff inmate's penis during routine pat-down was insufficient to state constitutional claim, and noting that a legitimate pat-down may require touching an inmate's genital area for the search to be effective); *Williams v. Keane*, No. 95 Civ. 0379, 1997 WL 527677, at *9–*11 (S.D.N.Y. Aug. 25, 1997) (finding no Eighth Amendment claim where an inmate alleged that his testicles were fondled by officer as part of a routine pat-down when exiting the mess hall).

Based on *Tuttle* and the other references cited herein, this court concludes that a single, isolated instance of unwarranted groping by defendant Moose, while possibly inappropriate, does not rise to the level of a constitutional violation. Because the plaintiff fails to show the deprivation of a constitutional right, his allegations are insufficient to state a claim under § 1983. The complaint must therefore be dismissed in its entirety.

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge

-4-