## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| DEKOTA KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-01339 |
| | ) | |
| CPL. JAMES MOOSE and | ) | Judge Trauger |
| CPT. WAYNE REYNOLDS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Dekota Kelly, a detainee or prisoner presently in the custody of the Montgomery County Jail in Clarksville, Tennessee, has filed a complaint under 42 U.S.C. § 1983, purporting to allege a violation of his constitutional rights. The complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). Also before the court is the plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2.)

The application (ECF No. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b),the plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Administrator of the Montgomery County Jail to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. Upon the plaintiff's transfer from his present place of confinement, the custodian of his inmate trust fund account must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to

this order must be sent to the Clerk of Court for the Middle District of Tennessee.

Further, for the reasons set forth in the accompanying Memorandum Opinion, the court finds that the complaint fails to state a claim under 42 U.S.C. § 1983 for which relief may be granted. The complaint is therefore **DISMISSED** in its entirety.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge